UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN BROWN,

    Plaintiff,

v.                                                        Case No: 2:16-cv-564-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff John Brown seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), sentence four.

### I. Issues on Appeal[1]

Plaintiff raises three issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly considered the rating decision of the Department of Veterans Affairs ("VA"); (2) whether the ALJ properly considered the weight to afford Plaintiff's

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

treating physician; and (3) whether the Appeals Council properly considered additional evidence submitted to it.

## II. Procedural History and Summary of the ALJ's Decision

On September 11, 2012, Plaintiff filed his applications for DIB and SSI. Tr. 248-52, 282-97. Plaintiff alleged disability beginning on July 13, 2012 due to post-surgery nerve damage to his arms and hands, and neck pain. Tr. 308. The claims were denied initially and upon reconsideration. Tr. 176-86, 193-202. Plaintiff requested a hearing before an ALJ and received a hearing before ALJ Mattie Harvin-Woode on September 2, 2014. Tr. 218-38. Plaintiff, who was represented by an attorney, and vocational expert ("VE") Jackie Bethel appeared and testified at the hearing. *See* Tr. 47-119.

On January 16, 2015, the ALJ issued a decision finding Plaintiff not disabled from July 13, 2012 through the date of the decision. Tr. 31-42. At step one, the ALJ found that Plaintiff met the insured status requirement through March 31, 2016 and has not engaged in engaged in substantial gainful activity since July 13, 2012, the alleged onset date. Tr. 33. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, osteoarthritis of the spine, degenerative joint disease, chronic pain, status post left forearm/wrist fractures, status post right elbow fracture, status post triceps tendon repair and peripheral neuropathy. *Id.* At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix

1 (20 C.F.R §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 36. The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to perform medium work,[2] except:

> [Plaintiff] is limited to frequent stooping, kneeling, crawling, crouching, and climbing ramps and stairs. [Plaintiff] cannot climb ropes, ladders, or scaffolds. [Plaintiff] is limited to only frequent reaching, handling and fingering with the bilateral upper extremities. He must avoid hazards such as heights and large moving machinery.

Tr. 36-37. Next, the ALJ found that Plaintiff is able to perform his past relevant work as a Nuclear Medicine Technologist. Tr. 40. Although the ALJ found Plaintiff capable of performing his past relevant work, the ALJ also found at step five that considering Plaintiff's RFC, age, education, and work experience, jobs exist in significant numbers in the national economy Plaintiff could perform. Tr. 41-42. Thus, the ALJ concluded that Plaintiff has not been disabled from July 13, 2012, through the date of the decision. Tr. 42.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on May 27, 2016. Tr. 1-4. Accordingly, the ALJ's January 16, 2015 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on July 18, 2016. Doc. 1. Both parties have consented to

---

[2] The regulations define medium work as work that involves:

lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. §§ 404.1567(c), 416.967(c).

the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review. Docs. 15, 17.

## III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[3] The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §416.920. The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

---

[3] The Court notes that after Plaintiff filed his application and the ALJ issued the decision, certain Social Security rulings and regulations have been amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision, unless regulations specify otherwise. *Green v. Soc. Sec. Admin., Comm'r*, __ F. App'x __, 2017 WL 3187048, at *4 (11th Cir. July 27, 2017) (in reviewing the ALJ's decision, refusing to apply SSR 16-3p retroactively because "administrative rules are not generally applied retroactively."); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply."). *See also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (holding that when the Appeals Council denies review of the ALJ's decision, appellate courts review the ALJ's decision as the Commissioner's final decision).

*Atha v. Comm'r Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.* at 933; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact,

and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## IV. Discussion

### a. *Whether the ALJ properly considered the rating decision of the VA*

At the hearing, Plaintiff's counsel in his opening statement indicated that Plaintiff is "now rated 30 percent at the VA for the anxiety disorder." Tr. 52. The ALJ asked if Plaintiff's counsel had the rating form and Plaintiff's counsel responded that he did not have the form, but the 30% disability rating was referenced throughout the medical records, such as in the headings of some of the medical records. Tr. 52-53; 550. Later at the hearing, Plaintiff's counsel asked Plaintiff to verify that he has a 30% VA rating for anxiety, which Plaintiff confirmed. Tr. 96.

Plaintiff also confirmed that this impairment began while Plaintiff was in the military. Tr. 97.

In the decision, the ALJ considered "the apparent finding of the [VA] that [Plaintiff] has a 30 percent service-connected disability related to anxiety disorder." Tr. 35. The ALJ determined that:

> This information appears only by reference in the record, without indication when it was made, without the actual specific finding, without supporting documentation, without the evidence relied upon, and without any other explanation. Accordingly, it has only minimal value and has been given little weight, particularly when compared to the rest of the medical record.

Tr. 35-36.

Plaintiff argues that the ALJ erred in failing to investigate the facts of the case and develop the record. Doc. 26 at 6. Specifically, Plaintiff claims that the ALJ erred in according Plaintiff's 30% VA service-connected disability rating little weight and in finding it "only [of] minimal value." Doc. 26 at 6-7; Tr. 35-36. Plaintiff argues that the ALJ's reasoning that no documents in the administrative record support such a finding is insufficient to discount the disability rating. Doc. 26 at 6-7. Plaintiff further asserts the ALJ had a duty to develop the record and either direct Plaintiff to obtain the documents that support the VA's disability rating or obtain the documents directly from the VA. *Id.*

The Commissioner contends that the ALJ properly discounted the VA's disability rating because it was only referenced in some of the medical records, and none of the specific documentation supporting the disability rating was included in the administrative record. Doc. 27 at 6. Furthermore, the Commissioner claims

that it is Plaintiff's burden to prove that he is disabled and, thus, the burden was on Plaintiff to produce such records prior to the ALJ's decision. *Id.* at 7.

Generally, when reaching a decision, an ALJ is required to state with specificity the weight he affords each item of evidence and why. *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). The Eleventh Circuit has held that the findings "of disability by another agency, although not binding on the [Commissioner], are entitled to great weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984); *Gonz v. Comm'r of Soc. Sec.*, No. 6:12-CV-614-ORL-GJK, 2013 WL 4494313, at *3 (M.D. Fla. Aug. 20, 2013) (citing *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984)). When an ALJ rejects a VA's finding, the ALJ must state the reasons for doing so to allow a reasoned review by the court. *Cronin v. Comm'r of Soc. Sec.*, No. 6:10-CV-1765-ORL-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 2012). In addition, even in cases where the VA disability rating is less than 100%, as here, courts have held that an ALJ must do more than address the rating and supporting evidence in passing. *See Salamina v. Colvin*, No. 8:12-CV-1985-T-23TGW, 2013 WL 2352204, at *4 (M.D. Fla. May 29, 2013) (50% disability rating for service connected PTSD); *Gonz*, 2013 WL 4494313, at *2 (80% disability rating).

Here, the ALJ afforded little weight to the VA's disability determination because there was a lack of a specific finding by the VA in the record and no supporting documentation. Tr. 35-36. The Commissioner asserts that Plaintiff "bears the burden of proving that [he] is disabled, and consequently, [he] is

responsible for producing evidence in support of [his] claim." Doc. 27 at 7 (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003)); *see also* 20 C.F.R. §§ 416.912(a) and (c).

On the contrary, the Court finds that the ALJ had a duty to fully develop the record regarding the VA's disability rating. It is well established that "[t]he ALJ has a basic duty to develop a full and fair record." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (citing *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (*per curiam*)); *Ellison*, 355 F.3d at 1276; *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997) (the ALJ has an affirmative duty to develop the record fully and fairly). The Supreme Court has held that "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). "This obligation exists even if the claimant is represented by counsel, or has waived the right to representation." *Cowart*, 662 F.2d at 735 (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)).

Thus, an ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Cowart*, 662 F.2d at 735 (internal quotation marks omitted). Likewise, "[w]here there are references in the medical records to a VA disability finding, the ALJ has the duty to develop the record relating to the other agency's disability findings." *Cronin*, 2012 WL 3984703, at *6 (citing *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993)). Accordingly, other courts have found remand appropriate when the ALJ did not fully develop the record

relevant to the VA's disability rating. *Cronin*, 2012 WL 3984703, at *6-*7 (finding an error when the ALJ did not note the VA's disability rating and dismissed the other rating without obtaining the VA records); *Alcalde v. Comm'r of Soc. Sec.*, No. 2:15-cv-575-FtM-MRM, 2016 WL 4889988, at *6 (M.D. Fla. Sept. 15, 2016) (holding that the ALJ erred by according little weight to the VA's disability decision for the lack of medical evidence and reasoning without fully developing the record); *Mallory v. Comm'r of Soc. Sec.*, No. 6:14-cv-1669-Orl-GJK, 2015 WL 8321898, at *4 (M.D. Fla. Dec. 9, 2015) (finding remand appropriate because the ALJ did not attempt to obtain the VA's disability determination, although the record referenced to the VA's decision).

Here, although the ALJ was made aware of the VA's disability rating at the hearing, and there were references to the VA's disability rating in the medial records, the ALJ failed either to direct Plaintiff to obtain the VA's records or obtain these records on her own before reaching such a decision. *See* Tr. 52-53, 92-93, 550. Instead, the ALJ relied on the lack of evidence and supporting documentation to find that the VA's determination should be accorded little weight. Tr. 35-36. Prior to determining the weight of the VA's disability rating, the ALJ had a duty to develop the record and obtain the necessary documents from the VA. *Cowart*, 662 F.2d at 735; *Cronin*, 2012 WL 3984703, at *6-*7; *Alcalde*, 2016 WL 4889988, at *6; *Mallory*, 2015 WL 8321898, at *4. The Court finds that the ALJ failed this duty by according little weight to the VA's decision without first obtaining and then considering the records that relate to Plaintiff's disability rating.

### b. *Plaintiff's remaining arguments*

Plaintiff also argues that the ALJ erred by according little weight to the opinion of Noel Rongo, M.D., one of Plaintiff's treating physicians, and the Appeals Council improperly denied Plaintiff's request for review after Plaintiff submitted additional evidence. Doc. 26 at 7-10. Because this case must be remanded to obtain and consider records from the VA as to Plaintiff's disability rating, the Court will direct the ALJ to re-evaluate Dr. Rongo's opinion and consider Plaintiff's new evidence submitted to the Appeals Council.

### V. Conclusion

Upon review of the record, the undersigned concludes that for the reasons cited in this Opinion and Order, the ALJ erred by not fully developing the record related to the VA's disability rating.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to:

   A. Obtain and review the records from the Department of Veterans Affairs that relate to Plaintiff's disability rating and consider these records in conjunction with all of Plaintiff's medical records, including Dr. Rongo's records and opinion, and determine the weight to be given to such evidence and the reasons therefor;

   B. Reconsider the additional evidence submitted to the Appeals Counsel in light of the other medical evidence in the record; and

   C. Make any other determinations consistent with this Opinion and Order, or in the interests of justice.

  2. The Clerk of Court is directed to enter judgment in favor Plaintiff John Brown and close the file.

  **DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of September, 2017.

*[Signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record